**UNITED STATES of America,**
**Appellee,**

v.

**Edmencio Antonio RODRIGUEZ–CRUZ, Defendant–Appellant.**

No. 02–1336.

United States Court of Appeals, Second Circuit.

May 18, 2004.

B. Alan Seidler, New York, NY, for Appellant.

Michael M. Purpura, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, POOLER, Circuit Judge, and MURTHA, District Judge.*

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Defendant-appellant Edmencio Antonio Rodriguez–Cruz appeals from a judgment of the United States District Court for the Southern District of New York (Griesa, *District Judge*), convicting him of conspiracy to distribute heroin in violation of 21 U.S.C. § 846 upon his guilty plea. On

---

* The Honorable J. Garvan Murtha, District Judge for the United States District Court for the District of Vermont, sitting by designation.

February 7, 2002, the district court conducted a *Fatico* hearing during which it determined Rodriguez–Cruz conspired to distribute between one and three kilograms of heroin. *See United States v. Fatico*, 579 F.2d 707 (2d Cir.1978). On May 21, 2002, Rodriguez–Cruz was sentenced to a term of 97 months' imprisonment to be followed by a five-year term of supervised release.

On appeal, Rodriguez–Cruz argues, inter alia, that the district court's determination of the amount of heroin involved in the offense was clearly erroneous and that he should have received a base level offense of 26 under United States Sentencing Guidelines § 2D1.1(c)(7). Rodriguez–Cruz alternately contends that the district court should have considered a downward departure based on an "extraordinary combination of circumstances." *See United States v. Cordoba–Murgas*, 233 F.3d 704, 709 (2d Cir.2000). We affirm.

The district court's finding regarding the quantity of heroin was amply supported by the record and did not amount to clear error.

Moreover, a district court's refusal to downwardly depart is not appealable "unless the guidelines were misapplied, the court misapprehended its authority or imposed an illegal sentence." *United States v. Haynes*, 985 F.2d 65, 68 (2d Cir.1993) (citations omitted). In this case, because Rodriguez–Cruz did not move for a downward departure on the basis of an "extraordinary combination of circumstances" under *Cordoba–Murgas*, we lack jurisdiction to review the district court's failure to depart on that basis. *See United States v. Hurtado*, 47 F.3d 577, 585 (2d Cir.1995) (sentencing court's silence on a downward departure issue that the defendant did not raise below "does not support an inference

that the court misunderstood its authority to depart").

We have considered all of Rodriguez–Cruz's arguments and find them to be without merit.

Accordingly, and for the foregoing reasons, the district court's judgment is hereby **AFFIRMED**.